UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL JUAREZ,<br><br>Defendant. | No. 1:19-cr-00143-DAD-BAM<br><br>ORDER DENYING MOTION TO SEVER<br><br>(Doc. No. 292) |

**INTRODUCTION**

Defendant Daniel Suarez has moved to sever his trial from the trial of his co-defendants in this action. (Doc. No. 292.) The government filed an opposition to that severance motion. (Doc. No. 317.) On May 23, 2022, a hearing was held on defendant's motion. (Doc. No. 320.) Assistant U.S. Attorney Jessica A. Massey appeared at that hearing on behalf of the government and attorney Mark A. Broughton appeared on behalf of defendant Juarez. (*Id*.)

For the reasons explained below, defendant's motion to sever his trial from that of his co-defendants will be denied.

**ANALYSIS**

In moving for a severance of his trial from that of his co-defendants, defendant Daniel Suarez argues that he would be unduly prejudiced by evidence admitted at a joint trial as to his

1

1    co-defendants and, in particular, that evidence introduced as to his co-defendant and brother,
2    Jesse Juarez. (Doc. No. 292 at 6-7.) In advancing this argument defendant Daniel Suarez notes
3    the following. The superseding indictment in this case stems from an extensive multi-task force
4    criminal investigation that included the use of wiretaps. The superseding indictment charges 12
5    defendants in 13 counts with conspiracy to distribute and distribution of methamphetamine and
6    cocaine by and on behalf of the Nuestra Familia prison gang and the Norteno street gang. (Doc.
7    No. 135.) Defendant Daniel Juarez is charged only in two counts of that indictment with
8    conspiracy to distribute and to possess with intent to distribute over 500 grams of a mixture
9    containing methamphetamine (Count 1) and distribution of over 500 grams of a mixture
10   containing methamphetamine (Count 3). (*Id.* at 1-3.)

11   In the complaint which initiated this prosecution, defendant Jesse Juarez, defendant Daniel
12   Juarez's brother, was identified by the government as a "Street Regiment Commander for the
13   Kings County Regimen" of the Nuestra Familia. (Doc No. 292 at 3) (quoting Doc. No. 1 at 14).
14   In contrast, defendant Daniel Juarez points out that he was identified only as functioning as "a
15   runner." (*Id*.) He also observes that the evidence implicating him appears to be limited to
16   surveillance of him on May 15, 2019, driving from the home he occupied with his brother and
17   mother to a nearby home and exiting carrying a plastic bag with a cylindrical object weighing it
18   down and then driving back to his home. (*Id.*) According to defendant Daniel Juarez, although
19   surveillance was not able to determine whether he was carrying anything when he left his home,
20   based on an intercepted telephone call, investigating agents believed that during this short trip he
21   picked up 2 ½ pounds of methamphetamine and delivered it to his brother, Jesse Juarez.

22   Defendant Daniel Juarez argues that he will be severely prejudiced by a joint trial with his
23   brother and other co-defendants because extensive evidence regarding the Nuestra Familia prison
24   gang and the Norteno street gang would not be admissible against him at a separate trial but at a
25   joint trial will be relied upon by the government to prove that defendant Jesse Juarez (his brother)
26   and other co-defendants were involved in the drug trafficking conspiracy. He contends that such
27   evidence is even more unfairly prejudicial to him in light of his familial relationship with his
28   /////

brother. Finally, he argues that under these circumstances, limiting jury instructions will not cure the prejudice he faces at a joint trial.

The government opposes defendant Danial Juarez's motion to sever, arguing that he has been properly joined with his co-defendants and has neither demonstrated manifest prejudice requiring severance nor shown that a limiting jury instruction would not serve to cure such prejudice if any existed. (Doc. No. 317.) The government contends that there is overlap in critical evidence necessary for presentation of the government's case against both defendant Daniel Juarez and his co-defendants and that proving the conspiracy, with which he is charged in Count One, will require admission of the same evidence whether he is tried jointly with his co-defendants or alone. (*Id*. at 2-3.) In this regard, the government essentially agrees with defendant as to the nature of the investigation but notes that the evidence will establish that defendant was recruited by his brother Jesse Juarez and was one of his co-conspirators. (*Id*. at 2-4) (recounting that evidence). The government emphasizes that all of the same evidence that would be introduced in order to prove the Count One conspiracy in a joint trial would also be admissible and would be presented against defendant Daniel Juarez were he to be tried separately in order to both provide context and to establish that he knowingly joined the conspiracy charged in Count One. (*Id*. at 7-8.) Moreover, the government contends that this evidence includes the gang affiliation evidence defendant Daniel Juarez seeks to avoid because that evidence too will be admissible against him in that it is inextricably intertwined with the drug conspiracy charged in Count One. (Id. at 10-12.) Accordingly, the government concludes, granting the pending motion to sever would not result in a conservation of judicial resources but would in fact waste those scarce resources. (*Id*. at 7-8.) Finally, the government argues that defendant Daniel Juarez has failed to establish any cognizable prejudice that he would suffer from a joint trial, and certainly no such prejudice that cannot be adequately addressed by appropriate instructions that the jury at a joint trial will be presumed to follow. (*Id*. at 8-10.)

The court finds the government's arguments to be persuasive. As has long been recognized, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro*

*v. United States*, 506 U.S. 534, 537 (1993)). Federal Rule of Evidence 14 does provide for the severance of charges or defendants if joinder "appears to prejudice a defendant or the government" and permits separate trials of counts or defendants, or "any other relief that justice requires." The standard for showing prejudice in this context, however, is high. *United States v. McLeod*, 755 Fed. Appx. 670, 675 (9th Cir. 2019)[1] (citing *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994)). "Severance should be granted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mikhel*, 889 F.3d 1003, 1046 (9th Cir. 2018) (quoting *Zafiro*, 506 U.S. at 539)). For instance, "[t]he mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir.1986) (citing *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir.1984)). Moreover, Rule 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39; *see also United States v. Kinard*, 820 Fed. Appx. 525, 527 (9th Cir. 2020). "[L]ess drastic measures . . . often will suffice to cure any risk of prejudice." *Mikhel*, 889 F.3d at 1046 (quoting *Zafiro*, *506 U.S.* at 539).

Of course, "[t]he mere fact that a defendant has a better chance of acquittal if tried separately does not require severance." *United States v. Decoud*, 456 F.3d 996, 1008 (9th Cir. 2006). Rather, a defendant must:

> show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant.

*United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *see also United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) ("To demonstrate that the district court abused its

---

[1] Citation to this, and other, unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36–3(b).

4

discretion in denying a severance, an appellant must show 'that the magnitude of the prejudice denied him a fair trial.'"); *United States v. Armstrong,* 621 F.2d 951, 954 (9th Cir. 1980) (a defendant bears the burden "to show that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever.") "The prime consideration in assessing the prejudicial effect of a joint trial is whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence." *Escalante*, 637 F.2d at 1201.

The superseding indictment in this case names twelve defendants, including defendant Daniel Juarez. (Doc. No. 135.) Ten of those twelve defendants are charged in the methamphetamine distribution conspiracy which is the subject of Count One, including defendant Daniel Juarez. The other 12 counts of the indictment allege a separate (smaller) methamphetamine distribution conspiracy and distribution of methamphetamine or possession with the intent to distribute methamphetamine on specific dates. (*Id.* at 2-6.) In this regard, defendant Daniel Juarez is also charged in Count Three with distribution of methamphetamine on May 15, 2019, along with three co-defendants. (*Id.* at 2-3.) The charges against two of the original twelve defendants charged have been resolved, leaving ten remaining defendants. (*See* Doc. Nos. 238, 337.) Moreover, the government elected not to oppose the severance of two of those remaining defendants, who were not charged in the conspiracy alleged in Count One, for purposes of trial. (*See* Doc. No. 325.) Thus, all of the remaining, non-severed defendants are charged in the over-arching conspiracy alleged in Count One of the superseding indictment. In light of that fact, the government's arguments advanced in opposing defendant Daniel Juarez's motion for severance are accurate and particularly compelling. Therefore, the pending motion for severance will be denied. Defendant Daniel Juarez may certainly propose any limiting instructions he believes would be appropriately given to the jury at a joint trial.

/////

/////

/////

**CONCLUSION**

For all of the reasons explained above, defendant Daniel Juarez's motion for severance of his trial from that of his co-defendants in this action (Doc. No. 292) is denied.

IT IS SO ORDERED.

Dated: __**July 13, 2022**__       _/s/ Dale A. Drozd_
                                             UNITED STATES DISTRICT JUDGE